

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00185-CV

**PAUL LILES AND BONNIE LILES,**

                                                **Appellant**

 **v.**

**JOHNNY EISENMAN,**

                                                **Appellee**

---

**From the County Court
Navarro County, Texas
Trial Court No. C09828**

---

## MEMORANDUM OPINION

---

The jury found that Johnny Eisenman, Appellee, did not divert or impound the natural flow of water on his property in a manner that proximately caused damage to property owned by Paul Liles and Bonnie Liles, Appellants. Appellants filed a motion for judgment notwithstanding the verdict. The trial court heard the motion, denied it, and entered a take-nothing judgment against Appellants.

In their first two issues, Appellants contend that the trial court erred when it denied their motion for judgment notwithstanding the verdict. Because Appellants have not met their burden to show that the trial court erred when it denied the motion, we affirm.

We will first set out the standards for our review. Then, we will detail the evidence in accordance with those standards and measure that evidence against those standards.

At trial, under the unobjected-to jury charge as given, Appellants bore the burden to prove that Appellee diverted or impounded the natural flow of water on his property in a manner that proximately caused damage to their property. As we have noted, when the jury failed to find for Appellants, they filed their motion for judgment notwithstanding the verdict and the trial court denied it.

We review the denial of a motion for judgment notwithstanding the verdict under a legal sufficiency standard. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009). Under that standard, we will "credit evidence favoring the jury verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007). We consider only evidence and inferences that tend to support the findings of the jury; evidence to the contrary is disregarded. *See Mancorp, Inc. v, Culpepper*, 802 S.W.2d 226, 227–28 (Tex. 1990). We are obligated to uphold the jury's finding if there is more than a scintilla of competent evidence to support it. *Tanner*, 289 S.W.3d at 830. "The final test

for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

As we apply those standards to the evidence, it is important to note that we are dealing with two separate ponds that involve two distinct problems and two distinct damage claims.

Appellee constructed two tanks or ponds on his property. The parties refer to these as the upper pond and the lower pond.

Appellants claim that the dam for the lower tank constantly leaked onto their property and caused a condition of persistent mud on a private road on Appellants' property. Appellants installed a culvert and put rock on the road to alleviate the problem. But after heavy rains hit the area, water escaped from the lower pond and washed the rock away. Appellants paid $480 for the rock.

As to the upper pond, Appellants maintain that Appellee constructed a "dam" or berm above the upper pond and that the "dam" or berm served to divert or redirect the natural flow of surface water around the pond and onto Appellants' property. Appellants contend that eventually, the diverted water resulted in severe erosion along Appellants' fence line. Appellants asserted that the erosion resulted in a diminution in the value of their property in the amount of $25,000.

Although there are two different ponds with two distinct characteristics and two different measures of damages, the trial court submitted only one issue to the jury as to Appellee's actions and the results of those actions: "Did the Defendant, Johnny Eisenman, divert or impound the natural flow of water in a manner that proximately caused damage to the property of the Plaintiffs, Paul Liles and Bonnie Liles?" There were no objections to the charge. As we have noted, the jury answered the question, "No."

In their first and second issues on appeal, Appellants argue that the trial court erred when it denied their motion for judgment notwithstanding the verdict because they were entitled to strict liability under section 11.086 of the Texas Water Code. Appellants did not plead that theory and neither did they present that argument to the trial court either in Appellants' written motion or during the hearing on that motion. That is important because it is the trial court's ruling on that motion that is the focus of this appeal. Appellants never asked the trial court to rule based upon strict liability under the Texas Water Code. Instead, Appellants urged the court to find that there was no evidence beyond a scintilla to support the negative answer of the jury, and, further, that it had conclusively proved the contrary proposition. Therefore, in our review of the trial court's ruling on Appellants' motion for judgment notwithstanding the verdict, we need not address strict liability under the Texas Water Code. *See Martin v. Cottonwood Creek Constr., LLC*, 560 S.W.3d 759, 763 (Tex. App.—Waco 2018, no pet.).

We are left, then with a simple negligence cause of action that involves allegations of improper diversion and impoundment of water. A negligence cause of action has four elements: (1) a legal duty; (2) breach of that duty; (3) the breach was a proximate cause of injury; and (4) actual injury. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

There are two components to proximate cause: (1) but-for causation; and (2) foreseeability. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995). Even if we were to get past the first two elements of a negligence cause of action, there was some evidence presented to the jury to support a negative finding as to proximate cause.

The jury viewed some 31 exhibits submitted by Appellee. The jury also heard testimony that damages to Appellants' property occurred after unusually heavy rainfalls caused the dam on the lower pond to break. Mr. Liles testified that "he [Mr. Eisenman] washed it out when his dam busted. I never had no problem with him washing me or anything else until his dam busted." There was no redirection of water at the time of trial.

Further, there is some evidence to show that Appellants' own actions could have proximately caused their damages. Appellants performed dirt work that resulted in an upward slope near Appellants' property line with Appellee, and they also installed a culvert that was too small to handle a proper amount of water.

And to the extent that the evidence conflicts, we emphasize that it was in the province of the jury to resolve such conflicts. *See Wheelbarger v. Landing Council of Co-Owners*, 471 S.W.3d 875, 891 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Because there was some evidence to support the jury's negative answer to the single liability issue submitted to them, the trial court did not err when it denied Appellants' motion for judgment notwithstanding the verdict. We overrule Appellants' first and second issues on appeal.

In their third issue on appeal, Appellants take the position that a new trial is required on the issue of damages because the jury's award of no damages is against the greater weight and preponderance of the evidence as to be clearly wrong and unjust. However, this issue is conditioned on a finding that the jury's determination of liability was wrong. We have concluded otherwise and need not reach the third issue on appeal.

We affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Wright[1]
Affirmed
Opinion delivered and filed August 25, 2021
[CV06]



[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  See TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.